# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DONALD F. KIBLER, JR.**                                                             **PLAINTIFF**

**V.**                         **CASE NO.: 3:15CV00169-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff Donald F. Kibler has appealed the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #5)

Mr. Kibler alleged that he became limited in his ability to work due to back problems, suicidal thoughts, memory loss, episodes of syncope, and a mass on his left lung. (SSA record at 158)  He was fifty years old at the time of the hearing and lived with his wife.  (*Id*. at 38, 40, 44)  He had graduated from high school and had attended vocational school for one year where he earned a diesel mechanic certification.  (*Id*. at 38, 40-41)  Mr. Kibler had past work as a track welder, material handler, punch press operator, and construction laborer.  (*Id*. at 17, 51)

At the time of the hearing, Mr. Kibler was not taking prescription medication because he could not afford to go to his family physician.  (*Id.* at 43)  He stated that he used a cane, but not every day.  (*Id*. at 46)  He was able to help with some chores, but could not stand for very long.  (*Id*. at 45)  He believed he would need to be absent from work due to pain and testified he was unable to bend and squat.  (*Id*. at 48-49)

After the hearing, the Administrative Law Judge ("ALJ") concluded that Mr. Kibler had not been under a disability within the meaning of the Social Security Act from his alleged onset date, March 15, 2012, through March 7, 2014, the date of his decision.  (*Id*. at 19)  He found that Mr. Kibler had not engaged in substantial gainful activity since his alleged onset date.  (*Id*. at 13)  He found that Mr. Kibler had the severe impairments of degenerative joint disease of the lumbar spine and anxiety, but found that Mr. Kibler did not have an impairment or combination of impairments that met a Listing.  (*Id*. at 13-

14) The ALJ judged that Mr. Kibler's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (*Id*. at 14-17)

Based on these findings, the ALJ concluded that Mr. Kibler retained the residual functional capacity ("RFC") to perform light work, except he would only be able to perform tasks that do not involve climbing ladders, ropes, or scaffolds; that do not involve more than occasional climbing of stairs, balancing, stooping, kneeling, crouching, crawling; and do not require more than occasional changes to the workplace setting. He also found that Mr. Kibler could perform tasks where the complexity of the work is limited to one or two steps; that are learned and performed by rote, with few variables and little judgment; that involve supervision that is simple, direct, and concrete. The ALJ limited Mr. Kibler to work at the SVP1-2 level, that can be learned within 30 days. (*Id*. at 15)

The ALJ found that Mr. Kibler was not able to perform his past relevant work, but relying on vocational expert testimony, found that Mr. Kibler could perform other work, including the jobs of office helper, machine feeder, and poultry picker. (*Id*. at 18)

On May 15, 2015, the Appeals Council denied Mr. Kibler's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3) Mr. Kibler then filed his complaint initiating this appeal. (Docket #2)

**Reasons for Remand**

Mr. Kibler argues that the ALJ erred in relying on the vocational expert's testimony at step five of the sequential process because the jobs the expert identified exceeded Mr. Kibler's capacity. The ALJ posed the following hypothetical to the vocational expert:

> [P]lease assume we have a hypothetical person the same age, education, and same work experience as what's found in Mr. Kibler's case. Let me ask you to consider a person capable of performing light exertional work as it's defined in the Dictionary of Occupational Titles with these additional restrictions in place please. I'd like the work not to require climbing of ladders, ropes, or scaffolds; not more than occasional performance of each remaining postural function beyond the ladders, ropes and scaffolds; also I'd like the work not to require more than occasional changes to the workplace setting; I'd like you to limit the work so that interpersonal contact would be incidental to the work performed and *complexity of one to two-step tasks would be learned and performed by rote with few variables and little judgment*; the supervision required would be simple, direct, and concrete for the worker limited to *SVP 1 or 2* jobs that could be learned within 30 days.

(*Id*. at 51-52 (emphasis added))

In response to the hypothetical, the vocational expert testified that Mr. Kibler could perform the jobs of office helper, machine feeder, and poultry picker. (*Id*. at 53-54) The vocational expert testified that all three jobs have a reasoning level of 2. (*Id*. at 53-59)

Mr. Kibler complains that these jobs are beyond his capability because the ALJ found that he was limited to work where the complexity of one-to-two step tasks must be learned and performed by rote and that this limitation equates to a reasoning level of 1.

4

Level 1 reasoning development is defined as the ability to "apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Appendix C, Dictionary of Occupational Titles.

The jobs identified by the vocational expert require a reasoning level of 2, which is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id*.

Ms. Colvin argues that Mr. Kibler is capable of performing the jobs identified by the vocational expert that require level 2 reasoning skills because a consultative examiner opined that he could perform unskilled work. (#12 at p. 10) Here, however, there is an inconsistency between the ALJ's finding that Mr. Kibler could only perform work requiring simple instructions and few variables and no more than occasional changes to the workplace setting, and the vocational expert's testimony that Mr. Kibler could perform jobs requiring level 2 reasoning. The ALJ clearly found that Mr. Kibler was limited to jobs that could be performed in one-to-two step tasks that would be learned and performed by rote with few variables and little judgment. This description best describes level 1 reasoning. Thus, the vocational expert identified jobs that exceeded Mr. Kibler's residual functional capacity, and without the vocational expert's testimony, there is not

5

substantial evidence to support the ALJ's finding that there are other jobs available that Mr. Kibler could perform.

**Conclusion**

After considering the record as a whole, the Court concludes the ALJ's reliance on the vocational expert's testimony to support his decision that Mr. Kibler was not disabled was error. The decision of the Commissioner is not supported by substantial evidence and is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 4th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE